**No. 60783.**—F. F. Straus and Perryman, Mojonier Company *v.* United States, protests 282050–K, 222799–K, and 222800–K (Los Angeles).

DONLON, Judge: Three protests have been consolidated for trial.[1] All of the merchandise, parts of three entries, consists of china figurines that were imported, on various dates between August 3, 1951, and July 24, 1953, from the East Zone of Germany.

To simplify the matter before us, the following is a list of the several items as to which plaintiffs have filed protests:

| Protest No. | Entry No. | Item No. |
|---|---|---|
| 222799–K | 1532 | 1502/10 |
| | | 9276/10 |
| | | 9277/10 |
| 222800–K | 2337 | 1261/10 |
| | | 10974/10 |
| | | 10693/10 |
| 282050–K | 1572 | 870/0/10 |
| | | 775/0 |
| | | 777/0 |

Six figurines, representative of the merchandise of two of the protests, were introduced in evidence as exhibits, as were also photographs depicting four of these figurine exhibits. The parties entered into a stipulation of facts as to those six figurines, and also as to the figurines of the third protest.

This stipulation is reported in the trial record (R. 16, 17, 18) as follows:

---

[1] Protests 222799–K and 222800–K were formerly reported in Abstract 60055.

MR. TUTTLE: * * * and at this time I offer to enter into the following stipulation with Government counsel:

That merchandise represented by Exhibits 1, 2, 3, 4, 5 and 6, either by figurines or photographs thereof, plus merchandise covered by the invoice filed with Entry 1532, Protest 222799–K, and described as 3 pair figurines No. 1502/10, 3 St. figurines No. 9276/10, and 2 St. figurines No. 9277/10, which was assessed at either 40 per cent or 70 per cent under Paragraph 212, Tariff Act of 1930, consist of figurines similar in all material respects to those the subject of William S. Pitcairn vs. United States, C. A. D. 458, and therein held dutiable at 20 per cent ad valorem under Paragraph 1547 (a) (2) Tariff Act of 1930.

Further, that it is stipulated and agreed that the record in said Pitcairn vs. United States may be incorporated herein; also that the involved merchandise was imported either directly or indirectly from the Soviet Zone of Germany, an area dominated by the Union of Soviet Socialists Republic.

That is the offer.

MR. WEIL: Upon the advice of Examiner Irving Gross, the Government so stipulates.

JUDGE DONLON: That includes the motion to incorporate?

MR. WEIL: That is correct, your Honor. That is not upon the advice of the examiner.

JUDGE DONLON: No. Without objection and on agreement of counsel, the stipulation is received and made a part of the record, and the case will be incorporated.

It is the plaintiffs' claim that these figurines are works of art, either duty free under paragraph 1807 or paragraph 1811, or (alternatively) that they are subject to duty under paragraph 1547 (a) (2) of the Tariff Act of 1930, as modified. The collector liquidated the figurines as decorated chinaware under paragraph 212 of the Tariff Act of 1930, as modified.

We shall first dispose of plaintiff's claims to duty free entry, either as a work of art produced before 1830, under paragraph 1811, or as original sculpture or statuary, under paragraph 1807. No evidence was introduced in support of either claim. It may be that plaintiffs consider they have abandoned these claims. However, this does not appear of record, and the claims to duty free entry are overruled.

As to the claim for classification under paragraph 1547 (a) (2), we accept the stipulation as an agreed statement of facts. In the incorporated case, duty was assessed on like merchandise under paragraph 1547 (a) (2) at 20 per centum ad valorem. There, the figurines were entered prior to May 28, 1950. Effective on that date, the 20 per centum rate was reduced to 10 per centum by the Annecy Protocol to the General Agreement on Tariffs and Trade (T. D. 52373) and the President's proclamation (T. D. 52476). The Annecy rate modification was effective during the period of these entries.

However, these figurines are imports from the Soviet Zone of Germany. Such of the figurines as were entered after August 31, 1951, are not entitled to the benefit of rate reduction (T. D. 52788). On the facts before us, only one entry is entitled to rate reduction. That is entry 1532 of August 3, 1951.

On the record and under authority of the decision in *Wm. S. Pitcairn Corp.* v. *United States*, 39 C. C. P. A. (Customs) 15, C. A. D. 458, we hold as follows:

1. The merchandise identified as items No. 1502/10, 9276/10, and 9277/10 in entry No. 1532 (protest 222799–K) are figurines similar in all material respects to the figurines in *Wm. S. Pitcairn Corp.* v. *United States*, 39 C. C. P. A. (Customs) 15, C. A. D. 458, and there held dutiable as works of art. The instant merchandise was entered on August 3, 1951, which was prior to the effective date of suspension of the reduced rate, and is dutiable as works of art, at 10 per centum ad valorem, under paragraph 1547 (a) (2) of the Tariff Act of 1930, as modified by the Annecy Protocol to the General Agreement on Tariffs and Trade (T. D. 52373) and the President's proclamation (T. D. 52476).

2. The merchandise identified as items No. 1261/10, 10974/10, and 10693/10 in entry No. 2337 (protest 222800–K) and as items No. 870/0/10, 775/0, and 777/0 in entry No. 1572 (protest 282050–K) are figurines similar in all material respects to the figurines in *Wm. S. Pitcairn Corp.* v. *United States, supra,* and there held dutiable as works of art. The instant merchandise was entered subsequent to the effective date of the suspension of the reduced rate and is dutiable as works of art at 20 per centum ad valorem under paragraph 1547 (a) (2) of the Tariff Act of 1930, without benefit of rate modification.

To the extent indicated, the protests are sustained. In all other respects and as to all other merchandise, the protests are overruled.

Judgment will be rendered accordingly.